IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KAHLIL PRATER,                        :

    Petitioner,                   :
                                                    CIVIL ACTION 13-0587-KD-M
v.                                    :
                                       CRIMINAL ACTION 12-00190-KD-M
UNITED STATES OF AMERICA,             :

    Respondent.                   :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 66). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate (Doc. 66) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Kahlil Prater. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

A criminal complaint, accompanied by a sworn affidavit, was

1

filed against Petitioner in this Court on July 26, 2012, asserting that Prater had violated federal law by possessing crack cocaine with the intention of distributing it (Doc. 1). On that same day, an arrest warrant was issued; the warrant was returned as executed on August 30, 2012 (Docs. 2, 6). An initial appearance was held that day during which counsel was appointed to represent Prater (*see* Doc. 7).

On September 6, 2012, Prater was indicted for conspiring to possess crack cocaine with the intention of distributing it in violation of 21 U.S.C. § 846 (count one) and two counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (counts two and three) (Doc. 1). On October 22, 2012, Prater entered into a plea agreement in which he pled guilty to count three of the indictment, *viz.*, that he had possessed crack with the intent to distribute it (Doc. 32). On April 19, 2013, Judge DuBose sentenced Petitioner to seventy-eight months on the conviction as well as five years of supervised release following his release from prison, and an assessment of one hundred dollars (*see* Doc. 56).

The Government appealed the conviction (Doc. 59) but, later, voluntarily moved to dismiss it (*see* Doc. 65). The granting of that motion was entered as mandate of the Eleventh Circuit Court of Appeals on July 31, 2013 (*see* Doc. 65).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on November 21, 2013 in which he raises the following claims: (1) The indictment against him was vague and insufficient; (2) his plea was involuntarily made; (3) he did not have attorney assistance in negotiating his plea; (4) his attorney rendered ineffective assistance; and (5) his sentence was improper (Doc. 66). Respondent filed a response on February 3, 2014 (Doc. 70); Petitioner has not replied to the Government's response though given the opportunity to do so (*see* Doc. 67).

In its Response, the Government has asserted that Prater's first, second, and fifth claims are barred in this action as he waived the opportunity to raise these claims in a collateral proceeding in his plea agreement (Doc. 70, pp. 1, 5-7). The Eleventh Circuit Court of Appeals has held that "where it is clear from the plea agreement and the Rule 11 colloquy, or from some other part of the record, that the defendant knowingly and voluntarily entered into a sentence appeal waiver, that waiver should be enforced." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *see also United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993), *cert. denied*, 513 U.S. 1051 (1994). The "core concern" for the Court in this analysis is "the defendant's knowledge and understanding of the sentence

3

waiver." *Bushert*, 997 F.2d at 1351.

Court documents show that Prater entered into a Plea Agreement that was filed with the Court on October 22, 2012 (Doc. 32). There is a section in the Agreement entitled "Limited Waiver of Right to Appeal and Waiver of Collateral Attack" which states as follows:

> 23. As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waived the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.
>    a. **EXCEPTIONS**. The defendant reserved the right to timely file a direct appeal challenging:
>       (1) any sentence imposed in excess of the statutory maximum;
>       (2) any sentence which constitutes an upward departure or variance from the advisory guideline range.
>    The defendant also reserved the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

(Doc. 32, pp. 11-12).

The Court also notes the conversation between Judge Steele and Prater during the plea hearing on October 22, 2013 in which Petitioner stated that he had completed the twelfth grade, had

4

never been treated for mental illness or addiction to narcotic drugs, and was not currently under the influence of any drug, medication, or alcoholic beverage (Doc. 45, pp. 3-4). He went on to state that he had received a copy of the written plea agreement, read it, discussed it with his attorney, fully understood it, agreed with the factual resume contained within it, and signed it (*id.* at pp. 4-5). After more questioning by Judge Steele, the following exchange took place:

> **THE COURT:** Under some circumstances, you and the United States each may have the right to appeal any sentence the judge imposes. You also have the right to waive your right to appeal, and I see by your plea agreement that you are waiving your right to appeal any sentence imposed with the following exceptions: That would be any punishment in excess of the statutory maximum, any punishment constituting an upward departure of the guideline range, and any claim of ineffective assistance of counsel.
> Do you understand that?
>
> **DEFENDANT:** Yes, sir.

(Doc. 45, p. 7). Questioning by the Court resulted in Petitioner's statements that he had received no promises for his guilty plea and that he understood that he would lose certain specified civil rights if convicted (*id.* at p. 5). The Court then informed him of the following:

5

**THE COURT:** You have the right to plead not guilty to any offense charged against you and to persist in that plea. You would then have the right to trial by jury. During that trial, you would have the right to the assistance of counsel for your defense and to the appointment of counsel if you could not afford to hire one, the right to see and hear all of the witnesses and to have your attorney cross-examine them, and the right to testify yourself or to decline to testify and remain silent, and the right to have the Court issue subpoenas for any witnesses you wish to call in your defense.

At the trial, you would be presumed to be innocent, and the United States would have the burden of proving that you are guilty beyond a reasonable doubt. Before you can be convicted, all 12 jurors must be convinced that the United States has met that burden.

If you are found guilty after a trial, you would then have the right to appeal that conviction to a higher court, and if you could not afford to pay the costs of an appeal, the Government would pay those costs for you.

Do you understand that?

**DEFENDANT:** Yes, sir.

**THE COURT:** If you plea guilty, however, and if the Court accepts your plea, there will be no trial, you will be waiving or giving up your right to a trial and all the other rights that I just described.

Do you understand that?

**DEFENDANT:** Yes, sir.

(Doc. 45, pp. 7-8). After more questions, Judge Steele accepted

the guilty plea, finding that Prater was "fully competent and capable of entering an informed plea, that [he was] aware of the nature of the charge and the consequences of [his] plea, and that [his] plea of guilty [was] a knowing and voluntary plea supported by an independent basis in fact" (Doc. 45, pp. 9-10).

In his first, second, and fifth claims, Prater asserts the following, respectively: The indictment against him was vague and insufficient; his plea was involuntarily made; and his sentence was improper.[1] The Court notes that Judge Steele, at the plea hearing, found that Petitioner had knowingly and voluntarily entered into his plea agreement (Doc. 45, pp. 9-10). The Court further notes that Prater, in raising his second claim—that his plea was involuntarily made—fails to assert why or how his claim was involuntary. Finally, the Court notes that "[t]here is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir.), *cert. denied*, 513 U.S. 864 (1994). "When a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were

---

[1]Prater has more specifically argued that a recent Supreme Court case, *Alleyne v. United States*, 133 S.Ct. 2141 (2013), is applicable to his sentence and should be applied retroactively (Doc. 66, pp. 13-19). The Court finds that Petitioner has not demonstrated that *Alleyne* is applicable here or that it should be applied retroactively.

7

false." *Unites States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

In this action, the Court finds that Prater knowingly and voluntarily entered into his plea agreement. The Court further finds that Petitioner knew and understood that he was waiving his right to raise certain claims in a collateral proceeding such as this. Finally, the Court finds that Prater's first, second, and fifth claims, raised in this action, do not fall within the exceptions to the waiver into which he entered. Therefore, the Court finds that claims one, two, and five are barred from review in this action; their merit will not be discussed.

In his third claim, Prater asserts that he did not have attorney assistance in negotiating his plea. More specifically, he asserts that he did not have an attorney to represent him until September 5, 2012 (Doc. 66, p. 10).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined the showing a habeas petitioner must make to prevail on an ineffective assistance claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so

> serious that counsel was not functioning as
> the "counsel" guaranteed the defendant by
> the sixth amendment. Second, the defendant
> must show that the deficient performance
> prejudiced the defense. This requires
> showing that counsel's errors were so
> serious as to deprive the defendant of a
> fair trial, a trial whose result is
> reliable. Unless a defendant makes both
> showings, it cannot be said that the
> conviction . . . resulted from a breakdown
> in the adversary process that renders the
> result unreliable.

*Id*. at 687.

As noted previously, the Court record clearly shows that an attorney was appointed to represent Petitioner on August 30, 2012, the date of his initial appearance (Doc. 7). The Court further notes that Prater testified at his plea hearing that he was satisfied with his attorney's performance (Doc. 45, p. 4). Prater's assertion that he was denied effective assistance of counsel in this claim is belied by the evidence and his previous testimony and is without merit.

In his fourth claim, Petitioner has asserted that his attorney rendered ineffective assistance in that he had a conflict of interest (Doc. 66, pp. 24-25). The Court notes, however, that Prater never divulged what that conflict was. As such, he has failed to demonstrate his attorney's deficiency or how he has been prejudiced thereby. The Court finds this claim

9

to be of no merit.

Prater has raised five claims in this petition. Three of those claims are barred from review herein because Petitioner, in his Plea Agreement, waived his right to raise the claims in a collateral proceeding. The other two claims are without merit. Therefore, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Kahlil Prater.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. As Prater has waived his right to raise three of these claims, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further on those three claims. *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further"). As for the other two claims raised in this petition, inasmuch as the Court has found that Prater has failed to assert sufficient facts to support a claim of constitutional error in those claims, "[t]he petitioner must demonstrate that reasonable jurists would find

11

the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. It is suggested that Petitioner will not be able to make that showing.

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

12

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 21st day of February, 2014.

<pre>
                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE
</pre>